■ DANIEL B. GROSSMAN, INC., Appellant, v AUER'S VAN & EXPRESS CO., INC., et al., Respondents.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about June 21, 1990, which granted the motion by defendant Auer's Van & Express Co., Inc., ("Auer's") for summary judgment

pursuant to CPLR 3212, dismissing the complaint as against defendant Auer's, and which severed and continued the action as against the remaining defendants, unanimously affirmed, with costs.

Plaintiff, a New York corporation engaged in the purchase and sale of objects of art, alleges conspiracy by the defendants to defraud the plaintiff by requiring it to illegally and improperly pay defendant Auer's a disproportionate share of the moving, packing and storage charges accrued by defendant Auer's with respect to certain pieces of artwork purchased by the plaintiff. The verified complaint further alleges that a general release executed by the plaintiff in favor of defendant Auer's for its packing, moving and storage services was procured by means of economic duress.

Upon examination of the record, we find, as did the IAS court, that neither defendant Auer's refusal to release the artwork in question until it received payment for its services, nor its procurement of plaintiff's general release, constituted economic duress. The plaintiff, in opposing summary judgment, failed to proffer probative, admissible and evidentiary facts establishing that defendant Auer's wrongfully threatened to remain in possession of the artwork unless plaintiff executed and delivered the general release *(Edison Stone Corp. v 42nd St. Dev. Corp.,* 145 AD2d 249, 254), or that the ordinary remedy of an action for breach of contract would not adequately redress the alleged wrong *(Austin Instrument v Loral Corp.,* 29 NY2d 124, 131; *cf., Sosnoff v Carter,* 165 AD2d 486).

In any event, the record reveals that the execution of the general release by the plaintiff was the product of a reasonable business decision negotiated in good .faith between the parties and their attorneys *(Welford Reality v Brause,* 93 AD2d 758, 759, *affd* 60 NY2d 623) as demonstrated by plaintiff's repeated failure to seek judicial redress before executing the general release *(Austin Instrument v Loral Corp., supra,* at 133).

We have considered plaintiff's remaining claims and find them to be without merit. Concur—Carro, J. P., Milonas, Asch, Kassal and Rubin, JJ.